## STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**Jay Folse,**
**Plaintiff Below, Petitioner**

**vs.) No. 20-0677** (Ohio County 20-C-455)

**Glenn Elliott,**
**Defendant Below, Respondent**

## MEMORANDUM DECISION

Self-represented petitioner Jay Folse appeals the August 27, 2020, order of the Circuit Court of Ohio County dismissing his civil action pursuant to the West Virginia Freedom of Information Act ("FOIA"), West Virginia Code §§ 29B-1-1 to -7. Respondent Glenn Elliott, mayor of the City of Wheeling ("City"), by counsel Rosemary Humway-Warmuth, filed a summary response in support of the circuit court's order.

The Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds that the circuit court failed to make findings of fact and conclusions of law sufficient to permit meaningful appellate review of the court's ruling. For this reason, this case is remanded to the circuit court for the entry of an order that includes sufficient findings.

Petitioner owns property at 305 South Broadway Street in Wheeling, West Virginia. On January 28, 2020, petitioner submitted a FOIA request to the City. Petitioner requested that the City provide him, in electronic format, information within nineteen subject areas: (1) "[a]ll communication and information as to why the electrical meters were removed from the house at 305 S[outh] Broadway St[reet]"; (2) "[a]ll communication about [petitioner]"; (3) "[a]ny communication or information about threats made to city employees by [petitioner]"; (4) "[a]ny information on why an individual can be arrested in Wheeling for doing plumbing work on his own house if he is not a master plumber"; (5) "[a]ny information about why a contractor's license

1

is needed to work on your own house"; (6) "[a]ny information or communication about code inspectors being able to force entry into homes without the owner[']s or occupant[']s consent"; (7) "[a]ny information or communication about why a picture of [petitioner] was placed at the entrance of the building at 1500 Chapline St[reet]"; (8) "[a]ll communication between city employees and [American Electric Power ('AEP')] employees"; (9) "[a]ny information or communication on why the U[.]S[.] or state constitution does not apply to city employees"; (10) "[a]ny communication between city employees and the state [d]epartment of [l]abor"; (11) "[a]ll building permits requested and issued from the last five years"; (12) "[a]ll pay records for all city employees for the last five years"; (13) "[a]ll information, applications, and communication about your latest job opening and hiring process for a code inspector" (14) "[a]ll information and communication about the transfer of property on the 1400 block of Market St[reet]," including "[a]ny information as to why this sale does not have to be held at public auction as required by [the] state code"; (15) "[a]ll communication and information about the purchase of property owned by Americo[, Inc.] at 58 19th St[reet]," including "all communication between members of the public and between shareholders of Americo[, Inc.]"; (16) "[a]ny communication or information about Don Nickerson being able to act as a [municipal] judge and run for and be elected as a county commissioner," including "[a]ny information or communication regarding the legality of this . . . possible conflict"; (17) "[a]ll communication between city employees and employees of the Robinson and McElwee law firm"; (18) "[a]ll communication between anyone with the last name Bordas or employees of the law firm Bordas & Bordas"; and (19) "[a]ny information about the mental illnesses that [counsel for the City] has been diagnosed with."[1]

The City responded to petitioner's FOIA request by letter dated February 5, 2020. The City claimed that, while blank applications and the job posting for code inspector were available from its human resources department, submitted applications were exempt from disclosure pursuant to West Virginia Code § 29B-1-4(a)(2).[2] Similarly, the City stated that, while the salary scale for city employees was also available from the human resources department, individual employee payroll records were exempt under West Virginia Code § 29B-1-4(a)(2). More generally, the City found petitioner's nineteen specific requests to be overly broad and burdensome and to include queries about information that the City believed did not constitute public records. To the extent that the City had records responsive to petitioner's requests, the City invited petitioner to schedule an appointment to come to the city offices to review available records.

Dissatisfied with the City's response to his FOIA request, petitioner filed a civil action on

---

[1]Counsel for the City serves as the city solicitor.

[2]West Virginia Code § 29B-1-4(a)(2) exempts from disclosure

[i]nformation of a personal nature such as that kept in a personal, medical, or similar file, if the public disclosure of the information would constitute an unreasonable invasion of privacy, unless the public interest by clear and convincing evidence requires disclosure in this particular instance: Provided, That this article does not preclude an individual from inspecting or copying his or her own personal, medical, or similar file.

2

February 24, 2020, in the Circuit Court of Ohio County, alleging that the City was improperly withholding the documents he requested. Petitioner sought release of all such documents and to be awarded his costs in bringing the civil action pursuant to West Virginia Code § 29B-1-7.[3]

Following an extension of time in which to respond to petitioner's complaint, the City filed a motion to dismiss the civil action pursuant to Rule 12(b)(6) of the West Virginia Rules of Civil Procedure for a failure to state a claim upon which relief can be granted. The City argued that the civil action should be dismissed or, alternatively, that "[petitioner]'s proceedings should at the very least be stayed pending his review of documents which review was offered to him in a timely response by the City to which he has not availed himself." Thereafter, petitioner filed a response to the City's motion, stating that he did not feel comfortable entering the city offices. According to petitioner, "[t]here were already claims made by an unknown city employee that [petitioner] threatened them" and that the city code enforcement officer "claimed that [petitioner] barged into his office in a threatening manner."

By order entered on June 22, 2020, the circuit court denied the motion to dismiss. Of petitioner's nineteen specific requests, the circuit court found that the City did not have to respond to nine of them. The circuit court determined that information about the job posting and the hiring process for a code inspector and the pay records for city employees were exempt from disclosure. The circuit court further found that documents about communications with the law firms mentioned in petitioner's FOIA request did not need to be disclosed because they may contain attorney-client communications. Additionally, the circuit court determined that petitioner's requests for city employee communications with AEP and the West Virginia Division of Labor and for building permits "from the last five years" were not specific enough to necessitate a response from the City. Finally, the circuit court found that petitioner's requests about the applicability of the United States and West Virginia Constitutions to city employees and about the mental health of the city solicitor did not constitute public records requests.

The circuit court directed the City to respond to the ten remaining queries set forth in petitioner's FOIA request. Accordingly, the circuit court ruled that

> [o]n or before July 31, 2020, [the City] shall furnish proper and reasonable opportunities to [petitioner] for inspection and examination of the records at the City of Wheeling offices, and reasonable facilities for making memoranda or abstracts therefrom, during the usual business hours. [Petitioner] and [the City] shall communicate in an effort to agree upon reasonable dates and times during which [petitioner] may inspect the documents approved by the [c]ourt. [The City] may make reasonable rules and regulations necessary for the protection of the

---

[3]West Virginia Code § 29B-1-7 provides that

> [a]ny person who is denied access to public records requested pursuant to this article and who successfully brings a suit filed pursuant to section five of this article shall be entitled to recover his or her attorney fees and court costs from the public body that denied him or her access to the records.

records and to prevent interference with the regular discharge of [its] duties. If the records requested exist in magnetic, electronic[,] or computer form, [the City] shall make copies available on magnetic or electronic media, if so requested. [The City] may establish fees reasonably calculated to reimburse it for its actual cost[s] in making reproductions of records in accordance with FOIA.

Believing that the circuit court disposed of his FOIA request in its June 22, 2020, ruling, petitioner filed a motion for the entry of a final order so that he could appeal the court's decision. By order entered on August 12, 2020, the circuit court denied the motion, finding that petitioner's civil action remained on its active docket as its June 22, 2020, order directed the parties to arrange for the City to provide petitioner with the documents it found he lawfully requested. The circuit court further noted that petitioner engaged in improper contact with the court by "directly contact[ing] the [c]ourt's offices via telephone regarding this case" on more than one occasion. The circuit court ordered petitioner to stop his improper conduct.

On August 26, 2020, the City provided the circuit court with a case status update with attachments. One of those attachments was a June 24, 2020, e-mail from petitioner to the City. In the e-mail, petitioner referred to the circuit court's June 22, 2020, order as "a total joke" and "the worst order I have ever read." Petitioner further disparaged the circuit court by referring to the presiding judge as "a total disgrace to the legal community."[4] The other attachments were July 13, 2020, and July 23, 2020, letters from the City to petitioner. In both letters, pursuant to the circuit court's June 22, 2020, order, the City asked petitioner to provide dates and times when he would be available to come to the city offices to review those documents the court found he properly requested and to make copies if he so chose. The City renewed its motion to dismiss the civil action, arguing that petitioner "appeared not to be cooperative in carrying out the directives" set forth in the June 22, 2020, order. The City suggested that, if the circuit court considered the attachments to its case status update, it would be proper to convert its renewed motion into a motion for summary judgment.

On August 27, 2020, the circuit court entered the following order granting the renewed motion to dismiss:

> This matter comes before the [c]ourt on [the City]'s [case status update,] filed August 26, 2020, in the above matter. Based upon the exhibits attached to the [case status update], it appears that [petitioner] has failed and refused to avail himself to the remedies provided to him in the [c]ourt's June 22, 2020 [o]rder. It is accordingly
>
> **ORDERED** that [the City]'s [m]otion to [d]ismiss shall be and is hereby GRANTED[,] and this matter is stricken from the [c]ourt's active docket. It is further

---

[4]In another e-mail from petitioner also attached to the City's case status update, petitioner commented that he was not sure "who in their right mind" voted for the reelection of the City's mayor.

**ORDERED** that the [c]lerk shall provide an attested copy of this [o]rder to [petitioner] and counsel for [the City].

To which rulings the respective objections of the parties are hereby noted and preserved.

Petitioner now appeals the circuit court's August 27, 2020, order dismissing his civil action. "Only matters contained in the pleading can be considered on a motion to dismiss under Rule 12(b) [of the West Virginia Rules of Civil Procedure] . . . and if matters outside the pleading are presented to the court and are not excluded by it, the motion should be treated as one for summary judgment and disposed of under Rule 56 [of the Rules of Civil Procedure]." Syl. Pt. 4, in part, *U.S. Fidelity & Guar. Co. v. Eades*, 150 W. Va. 238, 144 S.E.2d 703 (1965), *overruled on other grounds*, *Sprouse v. Clay Commc'n, Inc.*, 158 W. Va. 427, 211 S.E.2d 674 (1975). As it is plain on the face of the August 27, 2020, order that the circuit court relied upon the attachments to the City's case status update in dismissing the civil action, we construe the order as awarding the City summary judgment.

Rule 56(c) provides that summary judgment shall be granted where "there is no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law." In Syllabus Point 3 of *Fayette County National Bank v. Lilly*, 199 W. Va. 349, 484 S.E.2d 232 (1997), *overruled on other grounds*, *Sostaric v. Marshall*, 234 W. Va. 449, 766 S.E.2d 396 (2014), we held that

[a]lthough our standard of review for summary judgment remains de novo, a circuit court's order granting summary judgment must set out factual findings sufficient to permit meaningful appellate review. Findings of fact, by necessity, include those facts which the circuit court finds relevant, determinative of the issues and undisputed.

Even if we did not construe the order as awarding summary judgment and instead reviewed it as an order dismissing the action for "[a] failure to state a claim upon which relief can be granted" pursuant to Rule 12(b)(6), in *P.T.P., IV by P.T.P, III v. Board of Education of the County of Jefferson*, 200 W. Va. 61, 488 S.E.2d 61 (1997), we extended the holding set forth in Syllabus Point 3 of *Lilly* to require sufficient findings to support dismissal orders. *Id.* at 65, 488 S.E.2d at 65; *see id.* at 62, 448 S.E.2d at 62, syl. pt. 1.

On appeal, the parties dispute various aspects of petitioner's FOIA request. However, they fail to address the absence of findings in the circuit court's August 27, 2020, order relevant to either the summary judgment standard set forth in Rule 56(c) or the dismissal standard set forth in Rule 12(b)(6).

Based upon our review of the August 27, 2020, order, we surmise that the civil action was dismissed as a sanction for petitioner's refusal to comply with the June 22, 2020, order that granted him access to those documents it found that he lawfully requested. Petitioner argues that he continues to be hesitant about entering the city offices to view documents for the same reasons he

gave below. We note that the circuit court did not state that it was sanctioning petitioner with the dismissal of his civil action due to non-compliance with the August 27, 2020, order. Rather, the single finding the circuit court made to support the dismissal is suggestive of the court's reasoning.

If the circuit court intended to dismiss the civil action as a sanction for misconduct, we have held that a dismissal may be entered for "serious litigation misconduct pursuant to the inherent powers of the court . . . *when trial court findings adequately demonstrate and establish willfulness, bad faith or fault of the offending party.*" Syl. Pt. 7, *State ex rel. Richmond Am. Homes of W. Va., Inc. v. Sanders*, 226 W. Va. 103, 697 S.E.2d 139 (2010) (emphasis added). In Syllabus Point 6 of *Sanders*, we held, in pertinent part, that

> [t]o determine what will constitute an appropriate sanction, the court may consider the seriousness of the conduct, the impact the conduct had in the case and in the administration of justice, any mitigating circumstances, and whether the conduct was an isolated occurrence or was a pattern of wrongdoing throughout the case.

*Id.* (quoting Syl. Pt. 2, *Bartles v. Hinkle*, 196 W. Va. 381, 472 S.E.2d 827 (1996)).

The only occurrence of misconduct the circuit court relied upon in its August 27, 2020, order was petitioner's refusal to comply with the June 22, 2020, order. While the circuit court's August 12, 2020, order found that petitioner had engaged in improper conduct by attempting to directly contact the court, the August 27, 2020, order does not mention this behavior or whether petitioner complied with the directive to stop engaging in that behavior. This information could impact whether his non-compliance with the June 22, 2020, order was willful pursuant to Syllabus Point 7 of *Sanders*.

Therefore, while the circuit court's sole finding in the August 27, 2020, order suggests that it intended to dismiss the civil action due to misconduct, the order contains insufficient findings to permit meaningful appellate review of its decision. In asking the circuit court to dismiss the civil action a second time, the City renewed a Rule 12(b)(6) motion and suggested that the motion could be granted pursuant to Rule 56. The standard set forth in either of those rules does not govern the sanctioning of a party for misconduct. Accordingly, we remand this case to the circuit court for the entry of an order that includes sufficient findings to explain the basis of either its dismissal of the civil action or the award of summary judgment to the City.[5]

Remanded with Directions.

---

[5]In remanding this case for sufficient findings to allow meaningful appellate review of the circuit court's decision, we note that, if the circuit court's intent is to dismiss the civil action due to misconduct, we recently found that "nothing in *Bartles* or *Sanders* requires a hearing" on that issue. *Crystal Mountain W. Va., LLC v. Cty. Comm'n of Ohio Cty.*, No. 19-0482, 2020 WL 3408103, at *6 n.13 (W. Va. Jun. 18, 2020) (memorandum decision).

6

**ISSUED:**   February 1, 2022


**CONCURRED IN BY:**

Chief Justice John A. Hutchison
Justice Elizabeth D. Walker
Justice Tim Armstead
Justice Evan H. Jenkins
Justice William R. Wooton